U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED//SHREVEPORT

JUN 1 7 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JAPHUS LOUIS BRIGGS          Civil Action No. 3:16CV0731   SEC. P
    Plaintiff

Prisoner #   #2937

    VS.                          Judge HICKS

PAMELA TOLBERT ET AL          Magistrate Judge HAYES
    Defendant

**COMPLAINT**
**PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**I.   Previous Lawsuits**

   a. Have you begun any other lawsuit while incarcerated or detained in any facility?

     Yes [ ]   No [X]

   b. If your answer to the preceding question is "Yes," provide the following information.

     1. State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the County or Parish):

     2. Name the parties to the previous lawsuit(s):

      Plaintiffs: _____

      Defendants: _____

     3. Docket number(s): _____

     4. Date(s) on which each lawsuit was filed: _____

     5. Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:

(Rev. 5/1/13)

    c.    Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

        Yes [ ]   No [X]

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_____

II.   a.   Name of institution and address of current place of confinement:

        L.P.D.C. P.O. Box 2028 Ruston, LA 71270

   b.   Is there a prison grievance procedure in this institution?

        Yes [X]   No [ ]

    1.   Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

        Yes [X]   No [ ]

    2.   If you did not file an administrative grievance, explain why you have not done so.

_____

    3.   If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?) filed A Grievance: It was Rejected reason given by Ms. York/Tolbert: *Note* The matter has been taken care of at Court. (It was Not Tho!)

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

III.   Parties to Current Lawsuit:

   a.   Plaintiff,    JAPHUS LOUIS BRIGGS

        Address  L.P.D.C. Ruston, LA 71270 P.O. Box 2028

III. Parties Current Lawsuit

Amended to include:

B. Defendant Mr. Lewis Jones, is employed as Prosecuting Attorney at D.A office Lincoln Parish 3rd JDC

Name and Addresses of Defendants

1. Mr. Jim Tuten L.P.D.C Ruston, LA 71270 P.O. Box 2028
2. Ms. Pam TorBor/TolBert L.P.D.C P.O. Box 2028 Ruston, LA 71270
3. Mr. Mike Stone L.P. Sheriffs office Ruston, LA 71270
4. Mr. John Belton D.A. office Ruston, LA 71270 101 W. Texas Ave
5. Mr. Lewis Jones D.A office Ruston, LA 71270 101 W. Texas Ave.
6. Ms. (Prosecuting Attorney) Name unknown Ruston, LA 71270

Amended Complaint

IV Statement of Claim

Prosecuting Attorney Mr. Lewis Jones in the Prosecutor in my case of Tampering with Surveillance. He is the one who wanted me to accept a 1 year guilty plea to run consecutive to another charge. He also threaten me by saying if i didn't take the deal he will Multi-bill me i will be faceing a minimum of 20 yrs and a Maximum of life in Prison of said charge. Him and and the D.A. office is together.

(Rev. 5/1/13)

b. Defendant, __Jim Julien__, is employed as __Warden__ at __L.P.D.C Lincoln Parish Detention__

Defendant, __Milie Stone__, is employed as __Sheriff__ at __Lincoln Parish Sheriff office, L.P.D.C__

Defendant, __John Belton__, is employed as __District Attorney__ at __Lincoln Parish 3rd JDC__

Additional defendants, __Prosecuting Attorney Ms.(Name Unknown) D.A office L.P. 3rd JDC - Pam Torbort Deputy Warden L.P.D.C__

### IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

4-20-16 Deputy charged me with a felony. Tampering with Surveillance, accounting at L.P.D.C. Bond was set at Bond Amount $0.00. Bond Type: TBS (To be set) I was not allowed to bond out. Judge had to set bond. On 4-21-16 Judge Rogers ruled on the Probable cause affadavit (P.C. sheet) "No sufficient facts presented to establish intent." So several Bondsmans-Bondwomen tried to bond me out. Deputies told them i had a $15,000.00 bond on one charge but a charge was added on 4-20-16 and he has a $0.00 TBS (To be set) Bond so he can not bond out. 4-22-16 Deputy manning did a 72 hrs "A.O.C" Appointment of counsel hearing by Phone with Judge Rogers. At this time, i ask Judge Rogers if i may get a Bond. Judge Rogers stated, when Deputies send over Papers he would set me a Bond. Later that day 4-22-16 i again tried to bond out. Bondmans was told i still had a $0.00 Bond Amount and a TBS (To be set) Bond Type and can't Bond out.

Page 3 of 4         Page 3 Cont...

## Statement of Claim Cont...

On 4-25-16 Same Bondmans still couldn't bond me out. So i Asked Deputies for A Booking Sheet I was given A up to Date Booking sheet it showed Bond Amount the Same $0.00 However the bond type was changed from Bond type: TBS (to be set) to Bond type: SB Secure bond or Set bond.

Approx: 15 days later 5-10-16 i was brought before the 3rd Judicial District court for Arraignment on the charges of Count 1 and count 2. Count 2 being Tampering with Sorveillance Accounting etc in which Judge Roses had ruled 4-21-16 "No, sufficient facts Presented to establish intent". The Prosecuting Attorney Ms. Lady (Name unknown) read my charges to the Judge in open court. The Judge asked my Lawyer how do i Plea. My Attorney stated Quote: "My client reserve the right to Plea Not-Guilty on Both charges. I got mad because i couldn't talk. So i Asked the Judge if i may Speak he said, yes!, i could talk. So i Ask the Judge if i could submitt an "Oral-Motion" in open court. i Asked Also ask to submit same motion in written form. I gave written Motion to my Attorney. I then Stated, "Your Honor "Motion" is for An O.R Bond or in Alternate A Bond Reduction. I Stated to the Judge, Prosecutor And my Lawyer In open court...

Page 3 Cont...

## Statement of Claim cont,..

"Your Honor concerning count 2 Tampering with Surveillance etc. on 4-20-16 i was given a $0.00 TBS (to be Set) bond. On 4-21-16 Judge Rogers ruled on the Probable cause Affadait P.C. Sheet sent to him by D.A office "No Sufficient facts Presented to establish intent". P.C. Sheet was then in fact forwarded to L.P.D.C. I also stated in open court that L.P.D.C still conducted an A.O.C. appointment of counsel. So i requested in open court if i may be giving a Bond to the charge, a Bond reduction or an O.R. Bond as a result of me being detained for 20 days against my will unable to bond out. Also since there's no Probable cause AffaDavit i request count 2 Tampering with Surveillance charge dismissed. At this time Prosecuting Attorney Ms. Inds (Name unknown) stated in open court, your Honor he had an opportunity to bond out before 4-20-16 on the Aggravated Battery charge but he didn't. She then stated in open court, "We" D.A office was going to offer Defendant 3 years on Battery charge and 1 year on Tampering with Surveillance charge and not file Habitual offender charge against Defendant if he accept. The Judge and Prosecutor and my lawyer looked at the

③

<u>Statement of Claim   Cont...</u>
The Judge stated at this time that he's taking a 15 min recess so i could talk to my Lawyer. Lawyer again Lookmy papers and showed them to the Prosecuting Attorney. Prosecutor still refuse to request count 2 to be dismissed or that a Bond be given. Judge came back Prosecutor said something to Judge. At this time Judge set me another Court Date for 6-14-16. I was taking back to court holding a cell. I ask my attorney to Submit a Motion for a Preliminary Examination/Hearing. As of today 6-3-16 my Bond Amount is $0.00 My Bond Type: SB (Secure or Set bond)
           ↳End of Statement↵

<u>Statement in Support of Claim</u>
Most illegal acts by county Sheriffs and their deputies, in this Suit being Mike Stone, Jim Juten and Pam Yorbor Are "Torts". Meaning plaintiff can sue officials and their agency heads in their individual and official capacity for damages for acts such as false imprisonment/false Arrests. Plaintiff Alleges that my IV, V, VI, VIII and XIV Amendments were violated by Mike Stone, Jim Juten, Pam Yorbor. L.P.D.C held me without a Bond. Plaintiff contend that my detention, detainment was illegally obtained without a Probable cause Affadavit and without due

Statement in Support of claim cont...
Process of Law. Plaintiff was Denied equal Protection of the Law and deprive of Liberty. Most illegal acts by court officials and their agency heads are torts as well. Plaintiffs can sue officials in their individual and official capacity. Plaintiff alleges i was brought before the 3rd JDC to be arraigned and answer to a charge that was found to have no facts and given an excessive bail when there was no probable cause affadavit to support charge. Qualified immunity shield state officials from exposure to damages liability unless their conduct violated rights, of which a reasonable person would/should have known. L.P.D.C and the D.A office knew that Judge Rogers ruled on the probable cause affadavit but still kept the charge on me and still kept me detained and unable to bond out. When the state takes it upon itself to put people in jail against their will and keeps them there, it's cruel and unusual punishment (in violation of the eight 8th Amendment) to fail to protect them. Plaintiff was not protected being charged without a probable cause affadavit. Every person who under color of any statue, ordinance, custom, regulation, or usage of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction
Page 4 cont...

Statement in Support of Claim cont...
thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be liable to the party injured.

Plaintiff have stated and proved two elements: (1) officers and officials acted "under color of state Law", which includes all acts done within the scope of their employment. (2) officers and officials actions caused a deprivation of my Plaintiffs rights guaranteed by the U.S. Constitution. Plaintiffs alleges that false imprisonment, detainment, detention and excessive bail without Probable cause affadavit violated his rights.

Plaintiff alleges that the Judge never was notified as to setting a bond to the said charge. L.P.D.C never forwarded the forms allowing him to set bond. L.P.D.C took it upon themselves to change bond from $0.00 TBS (to be set) to $0.00 SB (Secure or Set) bond the 3rd JDC Judge never did that. Plaintiff proceeding on that allegation see no reason why his interest and protection in the security of the U.S. Constitution should be accorded a lesser weight because im a detainee in L.P.D.C than the state officers and officials interest in carrying out violations that was unlawful.

Page 5 cont...

Statement in support of claim cont...
The violation in which Ms. Torbor, Jim Tulen and Mike Stone charge me with tampering with surveillence etc without Probable Cause - Affadavit and willingly changing bond type is clearly established. The violation in which John Belton and Ms. Prosecutor did when i in fact notified them in open court, also when the Judge took a recess D.A. was shown papers where Judge Rogers ruled on Probable Cause - Affadavit had time to drop or dismiss charge charge even when Ms. Torbor Deputy Warden stated they wasn't pursueing charge because Judge ruled on it. D.A. still charged and prosecuted me.* See 3rd IDC transcript and/or minutes is clearly established as well. Plaintiff alleges Defendants violations cannot be both "unreasonable" and "Reasonable" at the same time. Plaintiff states and innocent person should not bear the entire 'risk' of continual detainment that a trial court, with the benefit of hindsight, will find that State officials reasonably believe that then could violate my constitutional rights without Probable Cause Affadavit (P.C. sheet) or Due Process of the Law. Qualified immunity does not shield those who violated clearly established statutory or constitutional rights          Page 6 cont...

Statement in Support of Claim cont...

Therefore Plaintiff Pray and Hope that this court distinguish between the conduct that a competent officer or official considers reasonable and the conduct that the constitution deems reasonable.

Plaintiff respectfully Pray court would rule in his favor.

As always thank you for your prompt attention in this matter.

Sincerely

Dated 6-15-16

Japhus Briggs 2937
P.O. Box 2028
L.P.D.C
Ruston, LA 71270

Signature

Page 7 of 7

(Rev. 5/1/13)

V. **Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

Punitive Damages for Mental Anguish, Pain And Suffering Also because detention, false imprisonment, Arrest And detainment produced fear, Anxiety And loss of liberty in the Amount of $40,000. Compensatory Damages in the Amount of $64.00 A Day for each day missed At work, Cont...

VI. **Plaintiff's Declaration**

a. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b. I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c. If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this 15 day of June, 20 16.

JAPhus Briggs

#2937

Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)

Signature of Plaintiff

V. Relief Cont...

Compensatory Damages cont...
Loss of income and economic hardship to my family and children in the amount of $1,700.00
(A) Couldn't file amended 1095A Health form on income tax. Childs was to receive $1,700 as a result of detainment my kids suffered as well.

(3) Any and all other just relief to include and not limited Monetary Damages awarded in the amount of $15,000 to include court cost.

