UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JAPHUS LOUIS BRIGGS                      CIVIL ACTION NO. 3:16-CV-731

VS.                                       SECTION P

                                          JUDGE S. MAURICE HICKS

PAMELA TOLBERT, ET AL.           MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* plaintiff Japhus Louis Briggs, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on May 25, 2016.  Plaintiff is a detainee at the Lincoln

Parish Detention Center (LPDC); he is awaiting trial on charges of aggravated battery.  He has filed

the instant suit, naming the following as defendants: Pamela Tolbert, Jim Tuten, Mike Stone, John

Belton, Laurie Whitten James, Lewis Jones, Office of District Attorney and the Lincoln Parish

Detention Center. He claims that his detention is unlawful and he prays for compensatory damages in

the amount of $40,000 plus $64.00 for each day he has missed work due to his incarceration, in

addition to $1,700.00, to compensate him for being unable to file an Amended 1085 Health Form on

his income taxes. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the

Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH**

**PREJUDICE.**

### Statement of the Case

On March 30, 2106, plaintiff was arrested for aggravated battery (Charge 1). [Rec. Doc. 1-2.]

Bond was set by Judge Woodward in the amount of $15,000.00.  *Id.*  On April 20, 2016, while in

custody, charges of tampering with surveillance were brought.  (Charge 2). [Rec. Doc. 4; Rec. Doc.

14-1] The following day, Judge Rogers ruled on the Probable Cause Affidavit, finding there were

"not sufficient facts presented to establish intent" regarding Charge 2.  [Rec. Doc. 14-1] Plaintiff

alleges that no bond was ever set on the Charge 2 and therefore, he has been illegally detained.  *Id.*

Furthermore, he asserts claims of malicious prosecution against the district attorneys office and,

specifically, Lincoln Parish District Attorney Jim Belton and Assistant District Attorneys Lewis

Jones and Laurie Whitten James, the prosecutors who brought charges against him despite the

Judge's finding of no specific intent with respect to the arrest.  *Id.* Plaintiff cites to plea offers

encompassing both charges to bolster his claim of malicious prosecution. [Rec. Doc. 4]

According to Court minutes from a June 14, 2016, Scheduling Conference before Judge

Woodard, plaintiff was released without bond on Charge 2, i.e. not held for that charge, because

Judge Rogers did not find probable cause. [Rec. Doc. 14-1]  However, the State chose to prosecute

that charge.  *Id.*  On August 28, 2016, those charges were dropped. [Rec. Doc. 16-1] Plaintiff

remains confined on charges of aggravated battery.[1]

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner

seeking redress from an officer or employee of a governmental entity, his complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

(5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also

subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

_____

[1]http://lincolnparishsheriff.org/inmates

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2.  Malicious Prosecution

Plaintiff has asserted a claim of malicious prosecution against the Lincoln Parish District Attorney's Office, Lincoln Parish District Attorney Jim Belton and Assistant District Attorneys Lewis Jones and Laurie Whitten James for moving forward on charges of tampering with surveillance after the Judge ruled there was no probable cause for arrest.

#### a.  District Attorney's Office

The Lincoln Parish District Attorney's Office is not a person capable of being sued under § 1983 and further, Louisiana law does not permit the District Attorney's Office to be sued in its own name. Rather, the district attorney is the proper party to sue when contending a constitutional violation by a district attorney's office.  *Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir.1999); *Delta Fuel Co., Inc. v. Maxwell*, 2011 WL 5159703, aff'd, 485 Fed. Appx. 685, 686 (5th Cir.2012) *citing Hudson*, 174 F.3d at 680; *Murray v. Earle*, 334 Fed. Appx. 602, 606 at fn. 2 (5th Cir.2009) (noting that "the "Travis County District Attorney's Office" is not a separate entity ... the district attorney is the proper party to sue when contending a constitutional violation by a district

attorney's office."); *Devillier v. Calcasieu Parish District Attorney's Office*, 2007 WL 2815846, \*3 (W.D.La.2007); *Rinkerv. New Orleans District Attorney*, 2010 WL 2773236, \*4 (E.D.La.2010) *(citing Harris v. Orleans District Attorney's Office*, 2009 WL 3837618, \*2 (E.D.La.2009). Therefore, plaintiff's claims against the Lincoln Parish District Attorney's Office must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted.

### b. District Attorney Jim Belton and Assistant District Attorneys Lewis Jones and Laurie James Whitten

A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *Lavernge v. St. Landry Parish Dist. Attorney's Office,* Civil Action No. 13-2197, 2014 WL 931008, \*2 (W.D. La. 2014) (*citing Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). As the Supreme Court has stated: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Id.   (citing Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)). Those acts include the filing of charging documents. *Id.   (citing Kalina*, 522 U.S. at 128–129, 118 S.Ct. at 508–509.) Accordingly, the Fifth Circuit has consistently held that the decision of when and whether to file criminal charges, clearly falls within the scope of the District Attorney's prosecutorial duties protected by absolute prosecutorial immunity.  *Id. (citing Quinn v. Roach*, 326 Fed. Appx. 280, 292 (5th Cir.2009) *citing Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir.1990), *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir.1984) and *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir.1980);

*Workman v. Calogero*, 174 Fed. Appx. 824, 826 (5th Cir.2006); *Nickerson v. Texas*, 209 F.3d 718, *2 (5th Cir.2000) (table); *Tobias v. Brown*, 68 F.3d 466, *1 (5th Cir.1995) (per curiam)). The United States Supreme Court has explained that the filing of a charging document is but the first step in the process of seeking a conviction. Exposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment at every phase of his work, since the prosecutor might come to see later decisions in terms of their effect on his potential liability." *Kalina*, 522 U.S. at 128–129, 118 S.Ct. at 508–509 *quoting Malley v. Briggs*, 475 U.S. 335, 342, 106 S.Ct. 1092, 1097 (1986). Thus, immunity must be recognized so as not to "impair the performance of a central actor in the judicial process." *Id.*

Moreover, absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Id.* at *3 (*citing Brummett v. Camble,* 946 F.2d 1178, 1181 (5th Cir.1991) *citing Rykers v. Alford*, 832 F.2d 895 (5th Cir.1987)). This is so because a prosecutor should not be distracted by threat of subsequent, time consuming and duplicative civil rights actions when performing duties of his office. *Id.   (citing Imbler*, 424 U.S. at 424–426, 96 S.Ct. at 992–93; *Brummett*, 946 F.2d at 1181.)

In light of the above, claims asserted by plaintiff against the District Attorney and the his assistants for filing charges and thereby initiating a criminal prosecution against him would necessarily be based on the District Attorney's conduct as the State's advocate, and they would therefore be entitled to absolute prosecutorial immunity. Accordingly, these claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted, and for seeking monetary relief against defendants who are immune from such relief.

### 3. False Imprisonment

Plaintiff also contends that he remains confined in violation of his constitutional rights and holds the Lincoln Parish Detention Center, Lincoln Parish Sheriff Mike Stone, LPDC Warden Jim Tuten and Deputy Warden Pamela Tolbet responsible. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been and continues to be improperly confined, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)(a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff was initially arrested on charges of aggravated battery, the only charges pursuant to which he remains detained.  The subsequent charge of tampering with surveillance has been dismissed.  Plaintiff claims that his custody violates the Constitutions and laws of the United States and the State of Louisiana; however, the grounds supporting plaintiff's confinement have not yet been successfully challenged; and since a finding by this court in his favor would necessarily imply the invalidity of both his past and present confinement, *Heck* bars any claim for monetary damages which implies the invalidity of the orders supporting his confinement.[2]

As such, his claims for damages are legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the

---

[2] It should be noted that plaintiff does not assert a false arrest claim; he does not allege that he stands falsely accused and therefore falsely imprisoned due to his innocence of the charges that have been filed against him. Were that the case, he would be entitled to request a stay of proceedings pending the outcome of his criminal trials, because *Heck* does not extend to cases where a plaintiff files a civil rights action challenging his arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); see also *DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir.2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck's* application to pending criminal matters).

conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.")

### 4.  *Supervisory Officials*

Plaintiff's claims for false imprisonment against Lincoln Parish Sheriff Mike Stone, LPDC Warden Jim Tuten and Deputy Warden Pamela Tolbert could not be sustained.  It is clear that they are named in their supervisory capacities.  It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*.  *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989).  To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v.  Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).  Plaintiff has not alleged personal involvement on the part of these defendants as it relates to his detainment, nor that any of them implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### 5.  *Juridical Person*

Finally, plaintiff has sued the Lincoln Parish Detention Center.  Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether the LPDC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.  The LPDCis not a juridical person and therefore, plaintiff's claims against the LPDC must be dismissed as frivolous.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted  and for seeking monetary relief against a defendant who is immune from such relief. pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, October 7, 2016.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**